SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
M.030-006S

ATTORNEYS FOR SECURED CREDITOR
CV ANTHONY II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ITS ASSIGNEES AND/OR SUCCESSORS

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 10-40297 – EDJ |
| DOYLE D. HEATON AND MARY K. HEATON, | A.P. No. |
| Debtors. | Chapter 11 |
| | **COMPLAINT FOR NON-DISCHARGE OF DEBT; ACCOUNTING; IMPOSITION OF CONSTRUCTIVE TRUST AND EQUITABLE LIEN** |
| CV ANTHONY II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ITS ASSIGNEES AND/OR SUCCESSORS | |
| Plaintiff | |
| vs. | |
| DOYLE D. HEATON AND MARY K. HEATON, | |
| Defendants. | |

Comes Now Plaintiff, CV ANTHONY II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, ITS ASSIGNEES AND/OR SUCCESSORS ("**Plaintiff**") and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff, is a creditor of DOYLE D. HEATON (" **DOYLE HEATON**") AND MARY K. HEATON (" **MARY HEATON**"), COLLECTIVELY ("**DEBTORS**") which are the Chapter 11 Debtors before this Court.

2. This Adversary Proceeding is being brought in connection with Debtor's case under Chapter 11 of Title 11, Case No. 10-40297 - EDJ now pending in this Court. This Court has jurisdiction over this Adversary Proceeding as a "core proceeding" pursuant to 28 U.S.C. §157, §1334.

3. No Trustee has been appointed as of the date of the filing of this Complaint. Debtor is operating in these proceedings as a "Debtor in Possession."

**INTRODUCTORY ALLEGATIONS**

4. Plaintiff CV ANTHONY II, LLC, is the successor to Centennial Homes, Inc. a co-member of Atherton Ranch, LLC. CV ANTHONY II, LLC, (hereinafter "**Plaintiff**") is, and at all times relevant was, a limited liability company organized and existing in the State of California, with their principal offices in Novato, Marin County, California.

5. Plaintiff is informed and believes that defendant DOYLE HEATON is, and all at all times relevant times was a resident of Contra Costa County in the State of California. DOYLE HEATON is the owner, principal and alter ego of several real estate development companies, including Delco Builders & Developers, Inc., a California corporation (hereafter "**Delco**") and Mardel, LLC, a California limited liability company (hereafter "**Mardel LLC**"), operating and doing business in several San Francisco Bay Area counties, including Marin County.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the defendants sued herein, including each defendant sued by a fictitious name, was the agent, servant and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting in the scope of its authority as such agent, servant and employee, and with the permission and consent of the remaining defendants.

7. MARY HEATON is the wife of DOYLE HEATON. To the extent that defendant MARY HEATON claims a community property or other interest in the assets ("**Assets**") of

2

Debtors, and such interest is subject to the claims of Plaintiff in this Complaint, either by virtue of MARY HEATON'S obligations as part of the debtors' marital community, or because of her community property claims in and to the Assets, MARY HEATON'S interest in the Assets should be subject to any judgment entered in favor of Plaintiff in these proceedings.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. In or about January 2000, DOYLE HEATON and Centennial Homes, Inc., a California corporation (hereafter "**Centennial**"), as predecessor in interest to Plaintiff, formed Atherton Ranch, LLC, a California limited liability company (hereafter "**Atherton Ranch LLC**") to develop a residential subdivision project in Novato, Marin County, California (hereafter "**Atherton Ranch Project**"). DOYLE HEATON, through his ownership and control of Mardel LLC, served as the managing member of Atherton Ranch LLC and was exclusively responsible for managing the financial affairs of Atherton Ranch LLC and the Atherton Ranch Project. As the manager of the Atherton Ranch Project, DOYLE HEATON owed Plaintiff a fiduciary duty of utmost honesty and integrity in the management of the Atherton Ranch Project finances.

9. In 2007, DOYLE HEATON, in his fiduciary capacity as the manager of the Atherton Ranch Project, provided Plaintiff with a purported final accounting for the Atherton Ranch Project costs and income due to the respective owners, DOYLE HEATON and Plaintiff disputed DOYLE HEATON's accounting methodology ,particularly an unauthorized and improper management fee claimed by DOYLE HEATON, interest charges to the Atherton Ranch LLC for DOYLE HEATON's personal debt service, unauthorized cash payments to third parties, and the sale of a home within the Atherton Ranch Project to DOYLE HEATON's son at a substantial discount.

10. In October 2007, Plaintiff provided DOYLE HEATON with its own accounting recap for the project costs and the distribution due to DOYLE HEATON and Plaintiff. At that time, Plaintiff contended that DOYLE HEATON was taking, or had taken, approximately $2.2 million more than he was due under the terms of the Atherton Ranch LLC Operating Agreement. Plaintiff has since discovered that this amount is approximately $2,347,912.

11. Plaintiff, through its representative Daniel Morgan ("**Morgan**"), and DOYLE HEATON met in November 2007 to review and discuss the disputed final accounting provided

by DOYLE HEATON. Morgan provided DOYLE HEATON with the accounting reconciliation prepared by Plaintiff's accounting staff and made demand upon DOYLE HEATON that he adjust the final accounting to allocate the additional $2.2 million return to plaintiff. DOYLE HEATON responded that he would make the adjustments.

12. On or about November 25, 2007, a "Settlement Agreement and Mutual Release" (hereafter "**Settlement Agreement**") was entered into between DOYLE HEATON, Mardel LLC, Delco, and plaintiff's predecessor in interest Centennial. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A and incorporated herein by reference.

13. On or about December 5, 2007, as material consideration for the Settlement Agreement, a "Promissory Note Secured by Deed of Trust" ("**Original Note**") in the amount of $1,069,934 was executed by HEATON. A true and correct copy of the Original Note is attached hereto as Exhibit B and incorporated herein by reference. The terms and conditions of the Original Note were expressly incorporated by reference into the Settlement Agreement (see ¶2.4 of Settlement Agreement attached hereto as Exhibit A). The release of claims contained in ¶3.1 of the Settlement Agreement was expressly conditioned upon satisfaction of the terms and conditions set forth in the Original Note.

14. In December 2008, HEATON approached Morgan and asked that Morgan agree to modify the terms of the Settlement Agreement and the Original Note. DOYLE HEATON made certain representations and promises to Morgan including, without limitation, the following:

(a) Commencing February 1, 2009, DOYLE HEATON would make monthly payments on the first of each month in the amount of One Thousand Three Hundred Ninety Seven and 35/100 Dollars ($1,397.35) (which sums would be applied to interest accruing)

(b) If the foregoing monthly payment was not made within 15 days from the first of each month, the entire principal sum then unpaid would be accelerated, without demand or notice, and would immediately be due and payable, plus accrued interest.

15. Pursuant to the above referenced representations and promises, on January 19, 2009, DOYLE HEATON and Plaintiff executed a "Note Modification Agreement" which, among other things, reduced the principal balance of the Original Note to $827,612. A true and correct

copy of the Note Modification Agreement is attached hereto as Exhibit C and incorporated herein by reference.

16. On information and belief, Plaintiff alleges that at all relevant times mentioned herein, a unity of interest and ownership existed between Mardel LLC and Delco, on the one hand, and DOYLE HEATON, on the other hand, such that any individuality and separateness between Mardel LLC and Delco, on the one hand, and DOYLE HEATON ceased, and Mardel LLC and Delco are the alter egos of DOYLE HEATON. Adherence to the fiction of the separate existence of Mardel LLC and Delco as entities distinct from DOYLE HEATON would permit an abuse of the corporate privilege, sanction fraud, promote injustice and result in an inequitable result.

17. On or about October 16, 2009, Plaintiff initiated a Complaint ("**State Court Complaint"**), Case number CIV 095267, for Damages for Breach of Contract, Fraud in the Inducement, Rescission, Intentional Misrepresentation, etc. in the Superior Court, State of California, County of Marin. Plaintiff sought and obtained a pre-judgment Writ of Attachment ("**Attachment Order**") in the State Court Action on October 20, 2009, attaching the property specified in the Attachment Order. A copy of the Attachment Order is attached hereto as Exhibit D and is incorporated herein by reference.

**FIRST CAUSE OF ACTION**

**(Fraud: 11 USC §523 (a) (2))**

18. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 17 above, as though fully set forth herein.

19. When DOYLE HEATON made the representations and promises to Morgan that he would pay plaintiff the agreed sums, as alleged hereinabove, and as reflected in the Settlement Agreement, the Original Note and the Note Modification Agreement (sometimes refereed to collectively as the "Notes"), DOYLE HEATON knew that those representations and promises were false. The true facts were that DOYLE HEATON's undisclosed agenda was to dissuade plaintiff from suing him to collect the then calculated $2.2 million debt (such amount is now calculated at $2,347,912), to position himself to pay Plaintiff as little as possible while

forestalling a formal suit by plaintiff, to later default on the Notes once he had reorganized his broader financial affairs, and then, if necessary, seek to discharge the obligations owed to plaintiff through bankruptcy.

20. When DOYLE HEATON made the false representations as alleged hereinabove, he was acting in a fiduciary capacity, he did so with the intention to deceive and defraud plaintiff and to induce plaintiff to act in reliance on these representations in the manner hereinafter alleged, and with the expectation that plaintiff would so act.

21. Plaintiff was ignorant of the falsity of DOYLE HEATON's representations and believed them to be true. In reliance on the DOYLE HEATON's false representations, Plaintiff was induced to and did agree to forego legal action against DOYLE HEATON for his mismanagement of the Atherton Ranch LLC and the Atherton Ranch Project (and funds relating thereto) and to enter into the Settlement Agreement which included the resolution of the accounting and diversion issues with the creation of the Original Note. In further reliance on DOYLE HEATON's further false representations, and DOYLE HEATON's concealment of the true facts and his intentions, Plaintiff was induced to and did agree to replace the Original Note with the Note Modification Agreement. Had plaintiff known the actual facts and HEATON's true intentions, Plaintiff would not have agreed to enter into the Settlement Agreement, the Original Note and the Note Modification Agreement to further reduce DOYLE HEATON's obligation to plaintiff.

22. As a proximate result of DOYLE HEATON's fraudulent conduct as herein alleged, Plaintiff was damaged by the approximate sum of $2,347,912, plus interest on said sum, which is the unpaid balance of what HEATON owes plaintiff from the Atherton Ranch Project. The aforementioned conduct of DOYLE HEATON constituted an intentional misrepresentation, deceit, and concealment of facts known only to DOYLE HEATON, with the intention on his part of depriving plaintiff of its financial return on the Atherton Ranch Project and otherwise causing injury to Plaintiff.

23. In doing the things alleged hereinabove, DOYLE HEATON has acted with oppression, fraud and/or malice. DOYLE HEATON's conduct was despicable, depriving plaintiff of property or legal rights or otherwise causing plaintiff's injury and damages, and subjecting plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights.

DOYLE HEATON's actions were willful, wanton, malicious and oppressive, and justify the award of exemplary and punitive damages in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Fraud: 11 USC§ 523(a)(4))

24. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs through 23 above, as though fully set forth herein.

25. As alleged further hereinabove, DOYLE HEATON, in his fiduciary capacity as the manager of the Atherton Ranch Project, engaged in fraudulent conduct as the manager of the Atherton Ranch Project which included, among other things, intentionally providing plaintiff with a knowingly false final accounting for the Atherton Ranch Project costs and income due to the respective owners, DOYLE HEATON and Plaintiff. The foregoing fraudulent conduct involved, among other things, improper and unauthorized management fees claimed by HEATON, interest charges to the Atherton Ranch LLC for HEATON's personal debt service, unauthorized cash payments to third parties, and the sale of a home within the Atherton Ranch Project to DOYLE HEATON's son at a substantial discount.

26. When DOYLE HEATON provided the foregoing referenced accounting, DOYLE HEATON knew that the accounting was false. The true facts were that DOYLE HEATON intentionally and knowingly embezzled and/or converted approximately $2,347,912.

27. Plaintiff was initially ignorant of the falsity of DOYLE HEATON's final accounting and believed them to be true, until Plaintiff did its own accounting resulting in the Settlement Agreement. Based upon rescission of the Settlement Agreement as alleged above, Plaintiff now sues DOYLE HEATON for damages arising out of the Atherton Ranch Project in the approximate sum of $2,347.912, plus interest on said sum and attorney's fees and costs, which is the unpaid balance of what HEATON owes plaintiff from the Atherton Ranch Project.

28. The aforementioned conduct of DOYLE HEATON constituted an intentional misrepresentation, deceit, and concealment of facts known only to DOYLE HEATON, with the intention on his part of depriving plaintiff of its financial return on the Atherton Ranch Project and otherwise causing injury to Plaintiff.

29. In doing the things alleged hereinabove, DOYLE HEATON has acted with oppression, fraud and/or malice. DOYLE HEATON's conduct was despicable, depriving

Plaintiff of property or legal rights or otherwise causing plaintiff's injury and damages, and subjecting plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights. DOYLE HEATON's actions were willful, wanton, malicious and oppressive, and justify the award of exemplary and punitive damages in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

### (Fraud: 11 USC§ 523(a)(4))

30. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 29 above, as though fully set forth herein.

31. DOYLE HEATON, as the manager of the Atherton Ranch Project, owed a fiduciary duty to plaintiff (and/or its predecessor in interest) and Morgan. The fiduciary duty owed by DOYLE HEATON is the highest duty imposed by law and includes the highest duty of loyalty, utmost honesty, good faith and integrity in the management of the Atherton Ranch Project finances.

32. DOYLE HEATON breached his fiduciary duty based upon his conduct, acts and omissions as set forth hereinabove.

33. As a proximate result of DOYLE HEATON's breach of fiduciary duty as herein alleged, Plaintiff was damaged by the approximate sum of $2,347,912, plus interest on said sum, which is the unpaid balance of what DOYLE HEATON owes Plaintiff from the Atherton Ranch Project.

## FOURTH CAUSE OF ACTION

### (Conversion: 11 USC § 523 (a)(6)

34. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

35. At all relevant times throughout the Atherton Ranch Project, and particularly, without limitation, in January 2007, DOYLE HEATON intentionally took certain allocations of profit and monies that Plaintiff's predecessor in interest was entitled to receive pursuant to the terms of the Operating Agreement for the Atherton Ranch LLC, and converted the monies and allocation of profits to HEATON's own use and the beneficial use of third parties including, without limitation, unauthorized cash payments to himself and to third parties, and payment of interest charges for DOYLE HEATON's personal debt service.

36. As a proximate result of DOYLE HEATON's conversion as herein alleged, Plaintiff was damaged by the approximate sum of $2,347,912, plus interest on said sum, which is the unpaid balance of what HEATON owes plaintiff from the Atherton Ranch Project.

37. In doing the things alleged hereinabove, DOYLE HEATON has acted with oppression, fraud and/or malice. DOYLE HEATON's conduct was despicable, depriving Plaintiff of property or legal rights or otherwise causing plaintiff's injury and damages, and subjecting plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights. DOYLE HEATON's actions were willful, wanton, malicious and oppressive, and justify the award of exemplary and punitive damages in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

## (Fraud: 11 USC § 523 (a)(2)

38. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 37 above, as though fully set forth herein.

39. At all relevant times throughout the Atherton Ranch Project, and particularly, without limitation, in January 2007, DOYLE HEATON intentionally took certain allocations of profit and monies that Plaintiff's predecessor in interest was entitled to receive pursuant to the terms of the Operating Agreement for the Atherton Ranch LLC, and converted the monies and allocation of profits to HEATON's own use and the beneficial use of third parties including, without limitation, unauthorized cash payments to himself and to third parties, and payment of interest charges for DOYLE HEATON's personal debt service. These actions by DOYLE HEATON were taken without Plaintiff's knowledge or consent.

40. The actions taken by DOYLE HEATON in Paragraph 39 were fraudulent and designed to deceive Plaintiff and did deceive Plaintiff.

41. Plaintiff relied on the express and implied representations that at all times DOYLE HEATON was acting properly in carrying out his duties and obligations in respect to the Atherton Ranch Project.

42. Plaintiff has suffered damages due to the false and fraudulent actions taken by DOYLE HEATON.

## SIXTH CAUSE OF ACTION

**(Constructive Trust: Based upon Fraud and Breach of Fiduciary Duty)**

43. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 42 above, as though fully set forth herein.

44. Plaintiff is informed and believes and thereupon alleges that HEATON: (1) improperly, and without authorization in violation of the Operating Agreement of Atherton Ranch LLC, used the Atherton Ranch LLC line of credit to purchase interests in other real property and/or pay for entitlements on other real property; and (2) intentionally took certain allocations of profit and monies that Plaintiff's predecessor in interest was entitled to receive pursuant to the terms of the Operating Agreement for the Atherton Ranch LLC, and used a portion of such converted monies for his own use, including to purchase interests in other real property or assets. Plaintiff is investigating to determine the specific identification of these real properties and assets, and shall amend this Complaint accordingly to seek a constructive trust against those properties.

45. By virtue of DOYLE HEATON's wrongful acts, DOYLE HEATON holds said interests in real property and assets as a constructive trustee for plaintiff.

## SEVENTH CAUSE OF ACTION

**(Equitable Lien: Based upon Fraud and Breach of Fiduciary Duty)**

46. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 45 above, as though fully set forth herein.

47. Plaintiff is informed and believes and thereupon alleges that HEATON: (1) improperly, and without authorization in violation of the Operating Agreement of Atherton Ranch LLC, used the Atherton Ranch LLC line of credit to purchase interests in other real property and/or pay for entitlements on other real property; and (2) intentionally took certain allocations of profit and monies that Plaintiff's predecessor in interest was entitled to receive pursuant to the terms of the Operating Agreement for the Atherton Ranch LLC, and used a portion of such converted monies for his own use, including to purchase assets and interests in other real property . Plaintiff is investigating to determine the specific identification of these real properties and assets. To the extent that HEATON has done so, this Court should impose an equitable lien, against those assets and properties.

## EIGHTH CAUSE OF ACTION

### (Accounting)

48. Plaintiff incorporates herein by reference each of the allegations contained in Paragraphs 1 through 45 above, as though fully set forth herein.

49. As further alleged further hereinabove, DOYLE HEATON owed a fiduciary duty to plaintiff's predecessor . in connection with the management of the Atherton Ranch LLC and the Atherton Ranch Project.  DOYLE HEATON's fiduciary duty and obligations under the Atherton Ranch LLC Operating Agreement included, without limitation, a duty of utmost care and loyalty to Plaintiff's predecessor and to Morgan and a duty to protect their financial interests and property in connection with the Atherton Ranch Project.

50. As alleged further hereinabove, DOYLE HEATON breached his fiduciary duty in the course of the management of the Atherton Ranch Project by embezzling and/or converting monies owed to plaintiff for DOYLE HEATON's own use.

51. Plaintiff alleges that the amount of money due to plaintiff is approximately $2,347,912.  However, in order to determine the exact amount of money owed to plaintiff, Plaintiff is entitled to an accounting from DOYLE HEATON in connection with his management of the Atherton Ranch LLC and the Atherton Ranch Project.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For a determination that the debt owed to Plaintiff by Debtors is deemed non-dischargeable .

2. That judgment be entered in favor of the Plaintiff in accordance with proof presented in these proceedings or in accordance with any judgment entered against Debtors in the State Court Proceeding and that MARY HEATON'S interest in the Assets be subject to any such judgment.

3. That if Plaintiff is given authority from this court to finalize its judgment in the State Court Action, that this action be stayed in this Court, pending finalization of the State Court Action so that any judgment obtained can be entered in these proceedings.

4. For pre-judgment interest in accordance with applicable law.

5. That Debtors be required to provide an accounting to Plaintiffs for all sums received by them or their related entities or alter egos, related to the Atherton Ranch Project.

6. That any funds or any of the Assets held by Debtors or their successors or alter egos, that can be traced to funds or property due to Plaintiff due to DOYLE HEATON'S actions specified in this Complaint, be held in constructive trust by DEBTORS for Plaintiff.

7. That any funds or any of the Assets held by Debtors or their successors or alter egos, that can be traced to funds or property due to Plaintiff due to DOYLE HEATON'S actions specified in this Complaint, be imposed with an equitable lien in favor of Plaintiff.

8. For exemplary damages in an amount according to proof at trial;

9. For rescission of the Settlement Agreement, Original Note and Note Modification Agreement.

10. That Plaintiff be awarded attorneys' fees and costs.

11. For such other relief is as just.

SCHEER LAW GROUP, LLP

DATED: February 26, 2010
/s/ SPENCER P. SCHEER
#107750